**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JEANIE ROCHELLE WITT, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-cv-00061-O-BP** |
| | § | |
| **DEPUTY BILLY KENYON, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Transfer Venue that *pro se* Plaintiffs Jeanie Rochelle Witt and Billy Marvin Witt, III (collectively "the Witts") filed on October 10, 2025. ECF No. 26. Defendants in this case did not file a response, but they have filed a Motion to Dismiss, which remains pending. *See* ECF No. 41. After considering the Witts' Motion and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **DENY** the Motion (ECF No. 26).

Even if venue is proper in a forum, a district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). But it "is well settled that the party moving for a change of venue bears the burden" of demonstrating good cause for why the forum should be changed. *JTH Tax, LLC v. Yong*, No. 4:22-cv-01008-O, 2023 WL 5216496, at *2 (N.D. Tex. Aug. 11, 2023) (cleaned up). "At minimum, . . . showing good cause requires the movant clearly [to] demonstrate that its chosen venue is clearly more convenient." *In re Chamber of Com. of U.S.A.*, 105 F.4th 297, 304 (5th Cir. 2024) (cleaned up) (alteration in original). And "this standard is not met if the movant merely shows that the transferee venue is more likely than

not to be more convenient." *Id.* (cleaned up) (quoting *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024)). The Witts do not carry their burden.

This is a civil rights case that names various Clay County law enforcement officers and their sheriff's department as defendants. The Witts, concerned that the defendants will be known to a potential jury pool, now seek a transfer to the Fort Worth Division of the Court. *See* ECF No. 26. Specifically noting "the local familiarity and community ties many may have with law enforcement personnel named in this case," the Witts allege a "substantial risk of actual or perceived bias among potential jurors" that the Court's geographic proximity to Clay County poses. *Id.* at 2. Although Clay County may neighbor Wichita County, where the Court sits, Clay County is one of twelve counties in the Wichita Falls Division of the Northern District of Texas. 28 U.S.C. § 124(a)(6). This means the venire jury pool for any case is drawn from the entirety of that region. And even if potential jurors could come from Henrietta, Petrolia, or Byers, the Court would be perfectly capable of conducting a fair jury selection process to ensure that venire panelists with disqualifying personal or professional relationships with any defendant would not be seated.

This is a case from Clay County, about Clay County, against Clay County officials. There is plainly no connection to the Fort Worth Division of this Court, and the Witts' concerns with venue in the Wichita Falls Division are unavailing. For the reasons stated, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** the Witts' Motion (ECF No. 26).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 13, 2026.

Hal R. Ray, Jr.

________________________________

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE